IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THADDEUS SMITH**                                                        **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO.  1:06cv439LG-RHW**

**MIKE BYRD, JR., et al.**                                        **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
DISMISSING THE PLAINTIFF'S COMPLAINT**

The Plaintiff, an inmate of the Jackson County Detention Center, Pascagoula, Mississippi, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On May 5, 2006, an order was entered directing the Plaintiff, within thirty days, to sign and return to this Court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within thirty days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part:

> [I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time.  I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections.

Order of May 5, 2006 [5-1], p. 5.   The Plaintiff was warned in this order that his failure to keep this Court informed of his current address or his failure to timely comply with the orders could result in the dismissal of his complaint.  The Plaintiff failed to comply with this order.

On July 6, 2006, an order was entered directing the Plaintiff to show cause, within

fifteen days, why this case should not be dismissed for his failure to comply with the Court's May 5, 2006 order. In addition, the Plaintiff was directed to comply with the May 5, 2006, order by filing the required documentation. The Plaintiff was once again warned in the show cause order of July 6, 2006 that failure to keep this Court informed of his current address or a failure to timely comply with the requirements of the order would lead to the dismissal of his complaint. The Plaintiff has not complied with the show cause order.

On two separate occasions the mailings to the Plaintiff have been returned to the Court with the notation: "return to sender." The Plaintiff has failed to keep this Court informed of his current address and he has failed to comply with two Court orders. It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash Railroad*, 370 U.S. 626 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Link, supra*, 370 U.S. at 630.

Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *Shaw v. Estelle*, 542 F.2d 954 (5th Cir. 1976).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 13th day of August, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE